CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
APR 1 1 2008
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CALVIN LORINZO PERRY,<br>    Petitioner, | Civil Action No. 7:08-cv-00187 |
| v. | **MEMORANDUM OPINION** |
| GENE JOHNSON,<br>DIRECTOR OF PRISONS,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Calvin Lorinzo Perry, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Perry challenges his 2001 conviction in the Charlottesville Circuit Court for rape. He is currently serving the 25-year sentence imposed for that offense. Upon review of the record, the court finds that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to § 2254 petitions, pursuant to 28 U.S.C. § 2244(d).

The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

1

The court filed Perry's § 2254 petition conditionally and offered him an opportunity to provide information about the timeliness of his petition under § 2244(d). He responded with additional argument. Perry states that he was pleaded guilty to the rape charge, was convicted and sentenced in January 2001 and did not appeal or file any state habeas petitions for several years. Then, in October 2007, he states that he filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, asserting that the 2001 judgment was void because the indictment failed to charge a criminal offense, but the court denied the petition on January 9, 2008. Later that month, he filed this federal habeas petition, asserting that the judgment against him is void because the indictment did not actually state the word "rape" and so failed to charge him with all of the elements essential to a rape charge under Virginia law.

Subsections B, C, and D of Section § 2244(d)(1) clearly do not apply to Perry's case. He does not allege any facts indicating that state officials impeded his ability to file a federal habeas petition concerning his claims. Nor do any of his claims rely upon a constitutional right newly recognized by the United States Supreme Court. Moreover, he clearly knew the facts necessary to support his claims at the time of the trial.

The timeliness of Perry's petition must be calculated, then, under Subsection A, based on the date upon which his convictions became final. A conviction becomes final once the availability of appeal is exhausted, see United States v. Clay, 537 U.S. 522 (2003), and a criminal defendant in Virginia has only thirty days from the date of his conviction in which to file an appeal. See Virginia Code § 8.01-675.3. Under § 2244(d)(2), the federal filing period is tolled (stopped) during the pendency of any properly filed state court post conviction proceedings.

2

Perry was convicted and sentenced sometime in January 2001 and did not appeal. Thus, his conviction became final sometime in February or early March 2001, whenever the 30-day appeal period elapsed. At that point, the one-year period for him to file a § 2254 petition began to run. It expired in February or early March of 2002. Perry admits that he did not file any state habeas petitions between January 2001 and October 2007. As the state petition he submitted to the Supreme Court of Virginia in October 2007 was filed <u>after</u> the one-year federal filing period had expired, the filing and pendency of that petition did not toll the filing period. Perry signed and dated his federal petition on January 25, 2008. Even considering this date as the date of filing, pursuant to Rule 3(d) of the Rules Governing 2254 Cases, the petition is untimely under § 2254(d).

Perry offers no justification for his failure to submit his federal petition within one year of the date on which his conviction became final. Nor does he offer any ground on which invocation of equitable tolling is warranted. His only argument regarding timeliness is that he may raise at any time a claim that the judgment is void for lack of jurisdiction. He is mistaken. The limitation period set forth in § 2244(d) does not include any exception for claims asserting lack of jurisdiction. Accordingly, the court concludes that Perry's petition must be summarily dismissed as untimely filed, pursuant to § 2244(d) and Rule 4 of the Rules Governing §2254 Proceedings. This rule allows a judge to dismiss a habeas petition if it is clear from the face of the petition that the petitioner is not entitled to relief. An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a

certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 11th day of April, 2008.

/s/ James C. Turk
Senior United States District Judge

4

Case 7:08-cv-00187-JCT-mfu    Document 8    Filed 04/11/08    Page 4 of 4    Pageid#: 45